**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PAUL NELSON III,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 4:26-cv-01588** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FOREST PRODUCTS SUPPLY COMPANY, LLC,** | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

Plaintiff, Paul Nelson III ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Forest Products Supply Company, LLC ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Americans with Disabilities Act of 1990, as amended ("ADA") seeking redress for Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, harassment on the basis of Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity under the ADA.

2. This lawsuit further arises under the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* ("FMLA") seeking redress for Defendant's interference with Plaintiff's FMLA rights and retaliation for Plaintiff utilizing his FMLA rights.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.

4. This action is authorized and instituted pursuant to 42 U.S.C. § 12101 *et seq.*

5. Venue of this action properly lies in the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PREREQUISITES**

6. All conditions precedent to jurisdiction under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*, and the Family and Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.* have occurred or been complied with.

7. Plaintiff filed a charge of discrimination on the basis of disability and retaliation with the Equal Employment Opportunity Commission ("EEOC") (attached hereto as Exhibit "A").

8. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B").

9. This Complaint has been filed within ninety (90) days of receipt of the EEOC's Dismissal and Notice of Right to Sue.

**PARTIES**

10. Plaintiff, Paul Nelson III, is a natural person, over 18-years-of-age, who at all times relevant to the allegations in this Complaint resided in Jersey County, Illinois.

11. Defendant, Forest Products Supply Company, LLC, whose address is 9264 Manchester Rd, St. Louis, MO 63144-2636, is a limited liability company that at all times material to the allegations in this Complaint was doing business in and for St. Louis County, Missouri.

12. Plaintiff was employed by Defendant as an "employee" within the meaning of ADA, 42 U.S.C. § 12111(4).

13. At all times material to this Complaint, Plaintiff was an "eligible employee" as defined by the FMLA, 29 U.S.C. §2611(2)(A).

14. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by ADA and the FMLA 29 U.S.C. §2611(4), and has been engaged in an industry affecting commerce within the meaning of 42 U.S.C. § 12111(5)(A).

## BACKGROUND FACTS

15. Plaintiff was employed by Defendant as a Truck Driver from on or about April 24, 2025, until on or about August 31, 2026.

16. Plaintiff suffers from bipolar disorder.

17. Bipolar disorder causes difficulty regulating mood and emotions and can affect Plaintiff's ability to concentrate, think, and sleep.

18. Plaintiff is a "qualified individual" as defined under the ADA.

19. Plaintiff is "disabled" as defined under the ADA.

20. Plaintiff is a member of a protected class because of his disabilities.

21. Plaintiff's disabilities substantially limit one or more major life activities, including daily life and work activities.

22. Despite these disabilities, Plaintiff was qualified and able to perform the essential functions of his job, with or without reasonable accommodation.

23. Neither Plaintiff's condition nor his medications restricted his ability to drive or perform his job.

24. Prior to taking FMLA leave, Plaintiff successfully performed his duties and had no performance or disciplinary issues.

25. On or about May 19, 2026, Plaintiff informed Tony Smith ("Mr. Smith"), Defendant's head of Human Resources, that he was sick and hospitalized and needed to be off work.

26. By informing Defendant Plaintiff needed time off for a serious medical condition, Plaintiff was engaging in protected activity.

27. Plaintiff's request for time off amounts to requesting a reasonable accommodation under the ADA.

28. On or about May 19, 2026, Plaintiff began FMLA leave related to his mental health condition, a serious medical condition that necessitates near constant treatment by a medical provider.

29. Mr. Smith provided Plaintiff with FMLA paperwork, which Plaintiff completed and returned to Defendant, and this FMLA leave was approved.

30. On or about July 18, 2026, Plaintiff returned from FMLA leave.

31. Plaintiff's psychologist had cleared him to return to work.

32. Plaintiff provided Mr. Smith with the medical release returning him to work without restrictions.

33. Upon Plaintiff's return to work, Mr. Smith required Plaintiff to obtain a new Department of Transportation ("DOT") physical before resuming his duties—a requirement that non-disabled employees were not subjected to.

34. Plaintiff's existing DOT medical certification remained valid at that time.

35. Nevertheless, Plaintiff complied, and on or about July 20, 2026, Plaintiff underwent the new DOT physical.

36. Again, Plaintiff was fully cleared to drive without restrictions.

37. Despite Plaintiff being cleared to return without restrictions, as required by Defendant, Defendant did not return Plaintiff to his position in direct contravention of the FMLA which is a job protected leave and requires employers to return employees to their previous position or a substantially similar position.

38. Instead, immediately upon Plaintiff's return, Keith Rossman ("Mr. Rossman"), an office employee, and Mr. Smith assigned Plaintiff to work in the yard performing general labor, including cleaning and other miscellaneous duties, which was not a substantially similar position.

39. Plaintiff was not given any reason why he was being removed from his regular driving duties and assigned to yard work.

40. Plaintiff was the only driver Defendant assigned to yard work; thus, similarly situated non-disabled employees were not subjected to the same treatment.

41. At least one other driver returned from leave and was returned to driving duties.

42. On more than one occasion, Plaintiff questioned why he was not being returned to his regular driving duties, thereby engaging in protected activity by objecting to discriminatory and retaliatory conduct.

43. Plaintiff was not provided a meaningful explanation.

44. Defendant did not identify any medical restriction, DOT restriction, performance issue, safety violation, or other legitimate reason that prevented Plaintiff from driving.

45. On or about August 31, 2026, Mr. Smith terminated Plaintiff's employment.

46. Plaintiff asked Mr. Smith whether he was being terminated because he had been sick/ out of work.

47. Mr. Smith responded that Plaintiff's illness was not the reason for the termination.

48. Mr. Smith did not inform Plaintiff that he was being terminated because of any performance problem, misconduct, safety issue, or inability to perform his duties.

49. Instead, Mr. Smith told Plaintiff only that Defendant was "going in a different direction."

50. At the time Defendant terminated Plaintiff's employment, Defendant was continuing to hire truck drivers demonstrating the need for Plaintiff's continued employment.

51. Therefore, the stated reason for Plaintiff's termination, "going in a different direction," was pretextual.

52. Defendant terminated Plaintiff's employment approximately six weeks after he returned from FMLA leave.

53. The timing between Plaintiff's protected activity and subsequent adverse employment action indicate a causal connection.

54. At all relevant times, Defendant had knowledge of Plaintiff's disability and his need for a reasonable accommodation.

55. Despite this knowledge, Defendant failed to provide Plaintiff with a reasonable accommodation or engage in the interactive process to determine an appropriate reasonable accommodation for Plaintiff's disability.

56. Instead, Defendant denied Plaintiff's request for reasonable accommodation by instead refusing to permit Plaintiff to return to his usual role following his medical leave and terminating him shortly thereafter.

57. Plaintiff was unlawfully terminated because of his disability, because of his use of FMLA leave, and in retaliation for engaging in protected activity.

58. Plaintiff's treatment differed materially from the treatment afforded to similarly situated employees who were not disabled and were not utilizing FMLA leave.

59. Plaintiff suffered multiple adverse employment actions including, but not limited to, the removal of Plaintiff from his driving duties, the assignment of Plaintiff to general yard work, and the termination of Plaintiff's employment.

60. Plaintiff can show that he engaged in statutorily protected activity, a necessary component of his retaliation claim, because Plaintiff utilized FMLA leave for his mental health condition and questioned why he was not being returned to his regular driving duties.

61. Plaintiff met or exceeded Defendant's performance expectations during the entire duration of his employment.

62. Defendant's discrimination, failure to accommodate, harassment, and retaliation against Plaintiff, coupled with Defendant's termination of Plaintiff, took a heavy mental toll on Plaintiff, who suffered and continues to suffer severe mental anguish and distress.

## COUNT I
## Violation of the Americans with Disabilities Act
## (Disability-Based Discrimination)

63. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

64. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

65. Plaintiff met or exceeded performance expectations throughout the duration of his employment with Defendant.

66. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class.

67. Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

68. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

69. Plaintiff is a member of a protected class under the ADA, due to Plaintiff's disability.

70. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

71. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT II
**Violation of Americans with Disabilities Act**
**(Failure to Accommodate)**

72. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

73. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

74. Plaintiff is a qualified individual with a disability.

75. Defendant was aware of the disability and the need for accommodations.

76. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodation.

77. Plaintiff's requests were not an undue burden on Defendant.

78. Defendant did not accommodate Plaintiff's disability.

79. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

80. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

81. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT III**
**Violation of Americans with Disabilities Act**
**(Disability-Based Harassment)**

82. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

83. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices and harassed the Plaintiff on the basis of Plaintiff's disability, in violation of Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*

84. Defendant knew or should have known of the disability-based harassment.

85. The disability-based harassment was severe or pervasive.

86. The disability-based harassment was offensive subjectively and objectively.

87. The terms and conditions of Plaintiff's employment were altered as Defendant refused to put Plaintiff back into his role as a driver.

88. Instead, Defendant required Plaintiff to work in front of everyone as a general laborer and continue hiring individuals for his role.

89. Plaintiff is a member of a protected class under Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, due to Plaintiff's disability.

90. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

91. As a direct and proximate result of the harassment described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT IV**
**Violation of Americans with Disabilities Act**
**(Retaliation)**

92. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

93. Plaintiff is a member of a protected class under 42 U.S.C. § 12101, *et seq.*

94. During Plaintiff's employment with Defendant, Plaintiff took medical leave related to his disability and questioned/ objected to why he was not being returned to his regular driving duties.

95. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

96. In response to Plaintiff's medical leave, Defendant retaliated against Plaintiff by removing him from his regular driving duties and, after his inquiries, terminating his employment.

97. By virtue of the foregoing, Defendant retaliated against Plaintiff based on his medical leave and inquiries, thereby violating Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*

98. Plaintiff suffered an adverse employment action in retaliation for engaging in protected activity, specifically, the termination of his employment.

99. Defendant acted in willful and reckless disregard of Plaintiff's protected rights.

100. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## COUNT V
## Violation of the Family and Medical Leave Act
## (FMLA Interference)

101. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

102. Beginning in or around April 2026, Plaintiff became eligible for FMLA leave by virtue of having been employed by Defendant for more than one year and having worked more than 1250 hours in the previous calendar year.

103. Defendant was an eligible employer who had more than 50 or more employees within a 75-mile radius.

104. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious health condition, which required Plaintiff to take time away from work.

105. Defendant controlled Plaintiff's work schedule and conditions of employment.

106. Plaintiff provided enough information for his employer to know that Plaintiff's potential leave may be covered by the FMLA.

107. Plaintiff provided enough information to obtain FMLA leave from his employer.

108. Defendant interfered with Plaintiff's rights under the FMLA when Defendant did not restore Plaintiff to his position after he returned from FMLA leave and when Plaintiff's use of FMLA leave resulted in termination.

109. Defendant acted in willful and reckless disregard of Plaintiff's protected rights by intentionally interfering with Plaintiff's use of FMLA leave.

110. As a direct and proximate result of the interference described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

**COUNT VI**
**Violation of the Family Medical Leave Act**
**(FMLA Retaliation)**

111. Plaintiff repeats and re-alleges paragraphs 1-62 as if fully stated herein.

112. Beginning in or around April 2026, Plaintiff became eligible for FMLA leave by virtue of having been employed by Defendant for more than one year and having worked more than 1250 hours in the previous calendar year.

113. Defendant was an eligible employer who had more than 50 or more employees within a 75-mile radius.

114. At all times material, Plaintiff gave proper notice to his employer by informing them of his serious health condition, which required Plaintiff to take time away from work.

115. Defendant terminated Plaintiff after Plaintiff used FMLA leave.

116. Defendant terminated Plaintiff because he took FMLA leave as described above.

117. Defendant intentionally engaged in unlawful employment practice in violation of the FMLA by retaliating against Plaintiff for taking leave for medical reasons.

118. Plaintiff's taking medical leave pursuant to the FMLA was a direct and proximate cause of Plaintiff's termination.

119. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment

benefits, and has suffered and continues to suffer mental anguish, distress, humiliation, and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and award the following relief:

a. Back pay;

b. Payment of interest on all back pay and benefits recoverable;

c. Front pay;

d. Loss of benefits;

e. Liquidated damages;

f. Compensatory and punitive damages;

g. Reasonable attorney fees and costs;

h. Award pre-judgment interest if applicable; and

i. Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 2nd day of October 2026.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
IL Bar No.: 6302103
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

/s/ ***Sophia Steere***
**SOPHIA STEERE, ESQ.**
KY Bar No.: 100481
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307-7634
Fax (630) 575 - 8188
ssteere@atlaslawcenter.com
*Attorney for Plaintiff*

/s/ ***Jake Fondel***
**JAKE FONDEL, ESQ.**
IL Bar No.: 6354446
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 272-5953
Fax (630) 575 - 8188
jfondel@atlaslawcenter.com
*Attorney for Plaintiff*